**SEALED BY ORDER OF THE COURT**

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### District of Hawaii

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
Feb 28, 2025 2:02 PM
Lucy H. Carrillo, Clerk of Court

| | |
|---|---|
| United States of America<br>v.<br>JOVELYN ONING<br><br>*Defendant(s)* | Case No. Mag. No. 25-161 WRP<br><br>**FILED UNDER SEAL PURSUANT TO CRIMLR5.2(a)(1)** |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of Feb. 26, 2025, and Feb. 27, 2025 in the county of Maui in the District of Hawaii, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) | Possession w/ intent to distribute a controlled substance, namely 50 grams or more of methamphetamine, on or about February 26, 2025 |
| 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) | Possession w/ intent to distribute a controlled substance, namely 5 grams or more of methamphetamine, on or about February 27, 2025 |

This criminal complaint is based on these facts:

See attached Affidavit in Support of Criminal Complaint.

☑ Continued on the attached sheet.

*Complainant's signature*

HSI TFO Aasin Torricer
*Printed name and title*

Sworn to under oath before me telephonically, and attestation acknowledged pursuant to Fed.R.Crim.P. 4.1(b)(2).

Date: February 28, 2025

City and state: Honolulu, Hawaii

Wes Reber Porter
United States Magistrate Judge

KENNETH M. SORENSON
Acting United States Attorney
District of Hawaii

JONATHAN D. SLACK
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
E-mail: jonathan.slack@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | MAG. NO. 25-161 WRP |
| vs. | AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT |
| JOVELYN ONING, | |
| Defendant. | |

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

## BACKGROUND

1. This affidavit is submitted for the purpose of establishing probable cause that JOVELYN ONING ("ONING"), the defendant, (1) possessed with intent to distribute a controlled substance, namely 50 grams or more of methamphetamine, on or about February 26, 2025, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and (2) possessed with intent to distribute a controlled substance, namely 5 grams or more of methamphetamine, on or about February 27, 2025, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).

2. I am currently employed by the Maui Police Department ("MPD") as a Police Officer, and I have been so employed for approximately nine years.

3. During my employment with MPD, I received approximately eight months of comprehensive training in general matters pertaining to law enforcement in the State of Hawaii, and specific training in the recognition of narcotics, methods of narcotics distribution, and methods used to smuggle narcotics and related proceeds of narcotics trafficking without detection. I am currently assigned to the Vice Narcotics Division, which is responsible for the detection, apprehension, and prosecution of all persons involved in the illegal use, sale, cultivation, manufacture, import/export, and distribution of controlled substances. I have been trained by Senior Vice Officers in various fields to include scheduled drugs, pharmaceutical controlled substances, packing doses/weights and

measurements, informant development, and other techniques for investigating narcotics cases.

4. I further state that I am a Task Force Officer with Homeland Security Investigations ("HSI") and have been since 2023. As a requirement to be a Task Force Officer, I successfully completed a one-week Task Force Officer Certification Training. As part of the Officer Basic Training and Task Force Officer Training, I received extensive instruction in the areas of criminal law, including, narcotics, firearms, and rules of evidence. My law enforcement experience includes conducting physical surveillance; interviewing witnesses, victims, and suspects; writing affidavits for and executing search warrants; analyzing phone records obtained from subpoenas and search warrants; and collecting and processing evidence.

5. As an MPD Officer and/or as an HSI Task Force Officer, I have conducted and assisted in more than 100 county and federal investigations involving narcotics trafficking and related financial crimes.

6. This affidavit is based upon my personal knowledge, my review of reports by other law enforcement officers, my communications with other law enforcement officers, information obtained from witnesses, and other evidence. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I or the government have

learned during the course of the investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

## PROBABLE CAUSE

7. On June 27, 2024, your Affiant and another HSI Task Force Officer conducted a consensual encounter with ONING in Kihei, Maui. During the encounter, ONING voluntarily consented to a search of her cell phone. While searching ONING's cell phone, law enforcement observed screenshots of communications between ONING and an individual suspected by law enforcement to traffic crystal methamphetamine from the mainland, hereinafter referred to as the "Mainland Supplier." ONING admitted that she was recently introduced to and in communication with the Mainland Supplier. ONING admitted to sending a total of $6,000 via multiple CashApp transactions for the purchase of five pounds of crystal methamphetamine. ONING also admitted to providing the Mainland Supplier with ONING's address in Kihei, HI, to receive a UPS parcel of the purchased crystal methamphetamine.

8. During the week of February 16, 2025, law enforcement was contacted by a Cooperating Defendant ("CD")[1] who observed ONING in

---

[1] CD has been charged with state crimes and is facing possible federal criminal drug charges; CD is cooperating in hopes of receiving consideration with respect to

4

possession of at least three ounces of crystal methamphetamine within ONING's residence in Kihei. CD also advised that during this encounter, CD observed ONING conduct at least two separate transactions of crystal methamphetamine while within her residence.

9. On February 25, 2025, law enforcement learned of a package, likely containing crystal methamphetamine, that was sent from the Mainland Supplier to ONING around February 10, 2025.

10. On February 26, 2025, the Honorable Wes Reber Porter, United States Magistrate Judge for the District of Hawaii, issued a warrant authorizing the search of ONING's person and her Kihei residence.

11. Beginning at around 8:00 a.m. on February 27, 2025, law enforcement began surveilling ONING's Kihei residence in preparation to execute the federal search warrant. ONING is known to your Affiant and others to be employed by a security firm in Kahului, Maui and, often times, to work night shifts for that

---

charging and/or sentencing should CD be prosecuted in the future. CD does not have any felony convictions. CD has arrests for drug offenses, abuse, and failure to appear offenses. CD is not charged with any crime at this time but has made statements against CD's penal interest to investigators. To my knowledge, the information provided by CD to date has been corroborated by information from public and law enforcement databases, telephone subscriber and telephone toll records, and physical surveillance, and has not been found to be false or misleading. CD has assisted in at least two controlled purchases and has provided information that has led to the seizures of narcotics in other HSI investigations. For these reasons, I believe CD is reliable.

security firm. Law enforcement did not observe ONING at her residence on the morning of February 27, 2025. At around 9:00 a.m., law enforcement learned that ONING was with an acquaintance in Kahului, Maui. Surveillance was then established at the acquaintance's residence.

12. At around 12:27 p.m., the surveillance team at the acquaintance's residence observed ONING and the acquaintance exit the residence and split up into separate vehicles, both driving away from the residence. Law enforcement followed ONING's vehicle.

13. At around 12:30 p.m., ONING was observed switching lanes without properly utilizing a left turn signal, at which point law enforcement initiated a traffic stop of ONING's vehicle. ONING was the only occupant of that vehicle. When approaching the vehicle, law enforcement observed ONING rearranging items near a bag, around the area of the floorboard closer to the center console, while sitting in the driver's seat. Upon contacting ONING, she was observed quickly placing the bag on the center console before zipping up the main portion of the bag. On the basis of that evasive action, as well as ONING's prior connections with narcotics trafficking, law enforcement deployed a drug detection canine to sniff the exterior of the vehicle. The canine alerted to driver's side of the vehicle.

14. Law enforcement conducted a probable cause search of the vehicle for suspected drug contraband and paraphernalia. On the center console of the

vehicle, law enforcement found a bag and, therein, located and seized approximately $1970.00 of United States currency and multiple plastic zip-top baggies containing a substance consistent in appearance with crystal methamphetamine. The substance field tested presumptively positive for methamphetamine, with a total gross weight of approximately 64 grams.

15.  Following the traffic stop, also on February 27, 2025, law enforcement searched ONING's Kihei residence pursuant to the federal search warrant. Within the residence, law enforcement found and seized multiple empty plastic zip-top baggies, plastic containers with suspected crystal methamphetamine residue, and a functioning digital-gram scale. Law enforcement also found, in the master bedroom of the residence, multiple plastic zip-top bags containing a substance consistent in appearance with crystal methamphetamine. The substance field tested presumptively positive for methamphetamine, with a total gross weight of approximately 190 grams.

## CONCLUSION

16.  Based on the facts described above, I submit there is probable cause to arrest ONING for (1) possessing with intent to distribute a controlled substance, namely 50 grams or more of methamphetamine, on or about February 26, 2025, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and (2) possessing with intent to distribute a controlled substance, namely 5 grams or more of

methamphetamine, on or about February 27, 2025, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).

Respectfully submitted,

Aasin Torricer
Task Force Officer
Homeland Security Investigations

This Criminal Complaint and Affidavit in support thereof were presented to, approved by, and probable cause to believe that the defendant above-named committed the charged crime found to exist by the undersigned Judicial Officer at 1:27 p.m. on February 28, 2025.

Sworn to under oath before me telephonically and attestation acknowledged pursuant to FRCP 4.1(b)(2), on February 28, 2025, at Honolulu, Hawaii.

Wes Reber Porter
United States Magistrate Judge

8